UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARGARET ANN BACH,

                Plaintiff,

v.                                                           Case No. 22-cv-0806-bhl

MILWAUKEE COUNTY et al,

                Defendants.

## DECISION AND ORDER

Having already resolved two prior appeals, this Court is well acquainted with Chapter 7 debtor Margaret Ann Bach, her multiple bankruptcy cases, and the adversarial complaint she filed against a host of current and former creditors. (*See* No. 21-1394, ECF No. 1; No. 22-0866, ECF No. 1.) Bach is back again, this time to challenge the bankruptcy court's decision and order denying her request for contempt sanctions against Milwaukee County, Sandra Butts, Jeaneen Mardak, Geri Lyday, and Kevin Madison (the County Defendants) for alleged violations of a discharge injunction. The bankruptcy court found no basis for contempt and granted summary judgment in favor of the County Defendants. This Court affirms.

### FACTUAL BACKGROUND

This appeal has its genesis in an October 12, 2009 personal injury lawsuit that Bach filed against the County Defendants in Milwaukee County Circuit Court.[1] In connection with that suit, the circuit court entered two judgments in favor of the County Defendants and against Bach: a July 8, 2010 judgment for $963.65 and a November 4, 2011 judgment for $6,389.08. *In re Bach*, No. 20-23343-kmp, 2022 WL 2398798, at *1. Both judgments were docketed on the days they were issued. *Id.*

On January 17, 2012, before either judgment was satisfied, Bach filed her first Chapter 7 bankruptcy case, listing both judgments on her bankruptcy schedules. *Id.* at *1-2. Three months

---

[1] *Margaret Bach et al. v. Milwaukee County et al.*, WISCONSIN CIRCUIT COURT ACCESS, https://wcca.wicourts.gov/caseDetail.html?caseNo=2009CV016167&countyNo=40&index=0#summary (last visited January 24, 2023).

later, she received her discharge as well as a summary document explaining that the discharge prohibited "any attempt to collect from the debtor a debt that has been discharged. . . . However, a creditor may have the right to enforce a valid lien, such as a mortgage or security interest, against the debtor's property after the bankruptcy, if that lien was not avoided or eliminated in the bankruptcy case." *Id.* at *2.

The caveat proved prescient when, on May 30, 2012, JPMorgan Chase Bank, N.A. (Chase), Bach's mortgage holder, filed a foreclosure proceeding in Milwaukee County Circuit Court. *Id.* Sandra Butts (one of the County Defendants) also got dragged into the case when Chase named her as an additional defendant, though she hardly participated. *Id.* Her counsel filed a notice of appearance, four letters stating that Butts would not appear at certain hearings, and a Notice of Demand for Surplus. *Id.* The foreclosure case eventually faltered; the circuit court ruled in Bach's favor on one of her many counterclaims (for promissory estoppel) and ordered Chase to offer her the loan modification it would have offered absent the foreclosure. *See In re Bach*, No. 20-23343-kmp, 2021 WL 4514680, at *2 (Bankr. E.D. Wis. 2021). Chase subsequently assigned the mortgage on Bach's property to the Federal National Mortgage Association (Fannie Mae). *See In re Bach*, 2022 WL 2398798, at *3.

On April 30, 2018, Fannie Mae took a second stab at foreclosing on Bach's property. *Id.* Unlike Chase, it named all five County Defendants as additional defendants, though, none of them appeared, nor did they attend any proceedings or make any filings. *Id.* This time around, the circuit court ruled against Bach, and her property was sold at sheriff's sale in November 2019. *Id.*

On May 7, 2020, Bach filed the Chapter 7 bankruptcy case from which this appeal originates. *Id.* She commenced her adversary proceeding against the County Defendants on February 12, 2021, alleging that Defendants' appearances in the 2012 and 2018 foreclosure actions violated the 2012 discharge injunction. *Id.* at 4. The bankruptcy court granted summary judgment in favor of the County Defendants, and Bach appealed. (ECF No. 1.)

## LEGAL STANDARD

This Court reviews the bankruptcy court's factual findings for clear error and its legal conclusions *de novo*. *See In re Wiredyne, Inc.*, 3 F.3d 1125, 1126 (7th Cir. 1993). Whether a creditor violated a discharge injunction is a mixed question of fact and law. *See Pullman-Standard v. Swint*, 456 U.S. 273, 289 n.19 (1982) (explaining that a question involves a mix of fact and law

when the facts are established and the rule of law is undisputed and the question is whether the facts satisfy the legal rule).

## ANALYSIS[2]

The Bankruptcy Code allows a debtor to ask a court to hold in contempt any party who violates a discharge injunction. *See* 11 U.S.C. §§105, 524(a). But contempt is only "appropriate if there is no objectively reasonable basis for concluding that the creditor's conduct might be lawful." *Taggart v. Lorenzen*, 139 S. Ct. 1795, 1799 (2019). Bach identifies four alleged violations of the 2012 discharge injunction that she believes warrant civil contempt: (1) the County Defendants took no action to remove themselves from the 2018 foreclosure proceeding; (2) Butts took no action to remove herself from the 2012 foreclosure proceeding; (3) Butts filed a notice of appearance and four letters in the 2012 foreclosure proceeding; and (4) Butts filed a Notice of Demand for Surplus in the 2012 foreclosure proceeding. (ECF No. 5 at 6.) As the bankruptcy court correctly held, none of these actions (or inactions) offend the discharge injunction. Accordingly, the Court affirms the bankruptcy court's grant of summary judgment.

Bach's appeal is premised on the misguided conflation of her personal liability, on the one hand, with the liens on her property, on the other. Her discharge injunction eliminated the former. 11 U.S.C. §524(a)(2). But not the latter. *In re Bach*, 2022 WL 2398798, at *6. Under Wisconsin law, the judgments entered in favor of the County Defendants created liens on Bach's real property. *See* Wis. Stat. §806.15(1) ("Every judgment properly entered in the judgment and lien docket showing the judgment debtor's place of residence shall, for 10 years from the date of entry, be a lien on all real property of every person against whom the judgment is entered. . . ."). Attempts to collect on those judgments against Bach's real property do not, therefore, violate the discharge injunction.

Further, because the County Defendants held junior judgment liens on Bach's property, Chase and Fannie Mae were required to name them as additional defendants in the foreclosure suits in order to obtain clear title. *See In re Bach*, 2022 WL 2398798, at *7. The non-consensual appearance of junior lienholders as additional defendants in a foreclosure suit does not establish that those lienholders attempted to collect a discharged debt as a personal liability of the debtor.

---

[2] For a fulsome discussion of final judgments in bankruptcy appeals and confirmation that this appeal is properly before this Court, see *Bach v. JPMorgan Chase Bank, NA*, No. 21-cv-1394-bhl, 2023 WL 315684, at *3 (E.D. Wis. Jan. 19, 2023).

Even active participation would not warrant a finding of contempt. A bankruptcy discharge does not prohibit lienholders from making a claim in the amount of their liens on a debtor's property. In fact, Wis. Stat. Section 846.162 explicitly allows a junior lienholder to make a claim to any surplus funds in a foreclosure action. Butts took advantage of this provision in the 2012 foreclosure case, and contrary to Bach's position, did not violate the discharge injunction by doing so.

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that the decision of the Bankruptcy Court is **AFFIRMED**, and the appeal is **DISMISSED**. The Clerk of Court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on January 24, 2023.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge